

JUL 27 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTONIO FRANCISCO GUTIERREZ,<br><br>Defendant. | CR 18-50-BLG-SPW<br><br>ORDER |

Before the Court is Defendant Antonio Francisco Gutierrez's motion to dismiss the indictment. (Doc. 27). For the foregoing reasons, the Court denies the motion.

I. Facts

On or around February 5, 2018, Antonio Gutierrez allegedly robbed a casino in Billings, Montana. Later the same night, Gutierrez was arrested by the Billings Police Department. The police referred the case to the Yellowstone County Attorney's office, which charged Gutierrez with the state crime of robbery. (Doc. 28-1 at 3).

Around March 27, 2018, the Deputy Yellowstone County Attorney prosecuting Gutierrez, Julie Patten, emailed an Assistant United States attorney to ask if the United States had any interest in prosecuting the case. (Doc. 29 at 17). Ms. Patten did this as a result of a Project Safe Neighborhoods Task Force meeting she had attended approximately one week prior. Two Assistant United States Attorneys, Joe Thaggard and Colin Rubich, had also attended the Task Force meeting.

Mr. Thaggard responded that the United States may be interested in the case and referred it to an agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Over the course of the next month, Ms. Patten and the Billings Police Department cooperated with the ATF agent by sharing evidence obtained by the Billings police. (Doc. 29 at 1-17). The state continued to proceed with its case against Gutierrez. (Doc. 28-1 at 3).

On April 19, 2018, Gutierrez was federally indicted and an arrest warrant was issued. Between April 19, 2018 and May 11, 2018, the ATF agent emailed Ms. Patten to determine Gutierrez's whereabouts so the ATF agent could effectuate the federal arrest warrant. (Doc. 29 at 1-9). On May 23, 2018, Gutierrez was arrested under the federal arrest warrant. On May 25, 2018, Ms. Patten filed a motion to dismiss the state charges against Gutierrez without prejudice, which the state court granted. (Doc. 28-1 at 3). Because the state

charges were dismissed without prejudice, the state retained the option to prosecute Guiterrez for the robbery, should the United States decide not to go forward. Ms. Patten wanted to retain this option.

The federal indictment charged Gutierrez with conspiracy to commit robbery affecting commerce, robbery affecting commerce, possession of a firearm in furtherance of a crime of violence, and felon in possession of a firearm. (Doc. 1).

At some point between 2000 and 2003, Gutierrez was convicted of burglary in Idaho state court. (Doc. 28-1 at 1-2). In 2003, upon completion of his sentence and probation, Gutierrez was discharged from probation and his burglary was reduced to misdemeanor theft. (Doc. 28-1 at 1-2). The order discharging Gutierrez from probation states "[Gutierrez] is not to be considered a convicted felon because he has successfully complied with the terms and conditions of probation and paid all restitution/reimbursement and fines in full." (Doc. 28-1 at 2). Gutierrez has not filed an application with the Idaho commission of pardons and parole requesting his right to possess firearms be restored. (Doc. 30-2 at 3).

## II. Discussion

Gutierrez argues the indictment should be dismissed for three reasons. First, Gutierrez argues the felon in possession of a firearm count should be dismissed because Gutierrez is not a felon prohibited from possessing a firearm. Second, Gutierrez argues the indictment should be dismissed because the federal

government violated the Speedy Trial Act by using state authorities to arrest and hold Gutierrez until the federal government could build its case. Third, Gutierrez argues the indictment fails to show a sufficient nexus between the crimes alleged and interstate commerce.

### A. Gutierrez is a person prohibited from possessing a firearm under § 922(g)(1) because Idaho law expressly provides that his final discharge did not restore his rights to possess a firearm unless he filed an application with the commission of pardons and parole, which he did not do

Gutierrez argues he is not prohibited from possessing firearms because his final discharge order restored his civil rights and stated he was not to be considered a convicted felon. The Court disagrees that the final discharge order had the effect of restoring his civil right to possess a firearm.

It is unlawful under federal law for any person who has been convicted in any court of a "crime punishable by imprisonment for a term exceeding one year" to possess any firearm in or affecting commerce. 18 U.S.C. § 922(g)(1). "Crime punishable by imprisonment for a term exceeding one year" does not include a conviction which has been expunged, pardoned, or for which a person has had his or her civil rights restored, unless such expungement, pardon, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms. 18 U.S.C. § 921(a)(20). The "unless" clause is triggered if the

person is limited by the State in any way from possessing otherwise legal firearms. *Caron v. United States*, 524 U.S. 308, 315 (2007).

Courts use a three step procedure to determine whether a person is a prohibited person under the felon in possession statute. *Van Der Hule v. Holder*, 759 F.3d 1043, 1046 (9th Cir. 2014). First, courts use state law to determine whether the defendant has a conviction. Second, courts determine whether the conviction was expunged, set aside, pardoned, or the defendant's civil rights were restored. Third, courts determine whether the pardon, expungement, or restoration of civil rights expressly provides that the defendant may not ship, transport, possess, or receive firearms. If so, the defendant is a prohibited person under the felon in possession statute. *Van Der Hule*, 759 F.3d at 1046. Only the third step is at issue here.

Under Idaho law, a person convicted of any Idaho felony is restored the full rights of citizenship upon final discharge. Idaho Code. Ann. § 18-310(2). Final discharge means the satisfactory completion of imprisonment, probation and/or parole. Idaho Code. Ann. § 18-310(2). However, the right to possess a firearm is not restored to persons convicted of certain enumerated offenses, including burglary. Idaho Code Ann. § 18-310(2)(e). A person convicted of one of the enumerated offenses must file an application with the commission of pardons and

parole, and receive approval, to have his or her right to possess a firearm restored. Idaho Code Ann. § 18-310(3).

Here, by operation of law, Gutierrez's civil rights were fully restored upon his final discharge with the exception of his right to possess a firearm because he was convicted of burglary and did not file an application and receive approval from the Idaho commission of pardons and parole to have the right restored. Gutierrez therefore remains a prohibited person under § 922(g) because, by operation of law, his restoration of rights expressly provides that he may not possess a firearm unless he filed an application with the commission of pardons and parole, which he did not do. The motion to dismiss count IV is denied.

### B. The Speedy Trial Act was not violated because Gutierrez's arrest pursuant to state charges was not a ruse to bypass the Speedy Trial Act's requirements

Gutierrez argues the government violated the Speedy Trial Act because more than thirty days elapsed between his initial arrest and the filing of the indictment. The Court disagrees because Gutierrez's initial arrest did not trigger the Speedy Trial Act.

The Speedy Trial Act requires federal authorities to indict and bring to trial incarcerated individuals within specified time periods. *United States v. Benitez*, 34 F.3d 1489, 1493 (9th Cir. 1994). The government has thirty days to file an indictment or information charging a defendant with the commission of an offense

from the date the defendant was arrested or served with a summons in connection with such charges. 18 U.S.C. § 3161(b). Only a federal arrest triggers the thirty day clock. *Benitez*, 34 F.3d at 1493. A federal arrest requires that the defendant be detained pursuant to federal charges. *Benitez*, 34 F.3d at 1493 (citing *United States v. Cepeda-Luna*, 989 F.2s 353, 356 (9th Cir. 1993)). An arrest pursuant to state charges does not trigger the thirty day clock unless the state arrest and charges are merely a ruse to detain the individual for the purpose of bypassing the Speedy Trial Act's requirements. *Benitez*, 34 F.3d at 1494.

Here, the initial arrest and state charges were not a ruse to detain Gutierrez for the purpose of bypassing the Speedy Trial Act. The federal government was unaware of the case until Ms. Patten contacted Mr. Thaggard and Mr. Rubich, nearly two months after Gutierrez had been arrested by state authorities and charged with robbery under state law. The state proceeded with its case for over a month after Gutierrez was federally indicted. At all times, the state fully intended to prosecute Gutierrez for robbery and at no point was the state operating at the federal government's direction. Under these facts, the initial arrest and state charges were not a ruse to detain Gutierrez. The motion is denied.

### C. The indictment sufficiently alleges a Hobbs Act robbery and possession of a firearm in furtherance of a crime of violence because it tracks the statutory language and unambiguously sets forth the elements of the crimes

Guiterrez argues counts 1, 2, and 3 of the indictment should be dismissed because the government failed to allege sufficient facts that show Guiterrez's conduct affected interstate commerce. The Court disagrees.

An indictment is sufficient so long as it tracks the statutory language and unambiguously sets forth the elements of the offenses charged. *United States v. Milovanic*, 678 F.3d 713, 727 (9th Cir. 2012). The government is not required to allege in the indictment the facts necessary to prove the elements of the crimes. *United States v. Bellamy*, 521 Fed.Appx. 590, 592 (9th Cir. 2013) ("There is no requirement that a Hobbs Act indictment allege specific facts establishing an impact on interstate commerce."); *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) (indictment that set forth elements of Hobbs Act was sufficient even though it "contained no facts alleging how interstate commerce was interfered with, and did not state any theory of interstate impact.").

Here, the indictment plainly tracks the statutory language of the crimes and unambiguously sets forth the elements of the charges. *Compare* (Doc. 1) *with* 18 U.S.C. §§ 1951(a-b), 924(c)(1)(A). That is all that is required. The motion is denied.

### III. Conclusion and order

The motion to dismiss the indictment (Doc. 27) is denied.

DATED this 27th day of July, 2018.

                                                  SUSAN P. WATTERS
                                                  United States District Judge