IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTONIO FRANCISCO GUTIERREZ,<br><br>Defendant. | CR 18–50–BLG–SPW<br><br><br>ORDER |

On December 9, 2024, Defendant Antonio Francisco Gutierrez filed a pro se motion under 18 U.S.C. § 3582(c)(1)(A) seeking to reduce his 120-month federal robbery and firearm sentence. (Doc. 162; *see* Doc. 105 (Amend. Judg.).) Counsel was appointed, (Docs. 163, 164), and an amended motion was filed on February 8, 2025, (Doc. 165). The government opposes. (Doc. 170.) Gutierrez's projected release date is January 6, 2028. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed May 9, 2025). For the reasons stated below, Gutierrez's motion is denied.

1

ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons ("BOP") and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).

Here, Gutierrez has shown extraordinary and compelling reasons for a sentence reduction because his spouse is unable to care for their children. Nevertheless, a reduction is not warranted by the § 3553(a) factors. Accordingly, his motion is denied.

I.   **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Gutierrez unsuccessfully made a request to the warden of FCI Stafford more than thirty days before filing the present motion. (*See* Doc. 162-3 at 11–20.) He has

2

therefore exhausted his administrative remedies as required by statute.

## II.     Extraordinary and Compelling Reasons

While the First Step Act does not define "extraordinary and compelling reasons," the Sentencing Guidelines include policy statements outlining specific requirements. *See* USSG §1B1.13. Relevant here, such circumstances may exist due to the "incapacitation of the caregiver of the defendant's minor child." §1B1.13(b)(3)(A). Here, Gutierrez's common law wife and caregiver for their two young children suffers from severe, debilitating mental health issues, including PTSD, anxiety, and depression.[1] (*See* Doc. 162-7 at 2, 3 (letters); *see id.* at 4–23 (medical records).) The government concedes that Gutierrez has shown extraordinary and compelling reason for early release. (*See* Doc. 170 at 10.)

## III.     Section 3553(a) Factors

The government maintains, however, that consideration of the § 3553(a) factors strongly disfavors early release. The government is correct. In addition to showing extraordinary and compelling reasons for release, any sentence reduction must also comport with the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to

---

[1] While the records filed by Gutierrez support his description of his wife's condition, those records are all from 2023 or earlier.

3

reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6). These factors do not support a sentence reduction here.

In February 2018, Gutierrez and his codefendant robbed Dotty's Casino in Billings, Montana at gun point. (PSR ¶¶ 6, 7, 15.) "This crime was not a spontaneous act." (Doc. 98 at 6.) Rather, Gutierrez "recruited a driver, wore a disguise, . . . and . . . changed his cloth[e]s immediately after the crime to avoid detection." (*Id.*) Once inside, he "calmly stuck his loaded gun into the back of an unarmed pregnant casino attendant," racking the firearm. (*Id.* at 7.) Gutierrez denied guilt for the crime and went to trial in January 2019. (*See* Docs. 71, 75, 76 (Min. Entries).) He argued, *inter alia*, that no witnesses placed him at Dotty's on that day and that the government's cooperating witness, his driver, was unreliable because he was high on methamphetamine. (*See* Doc. 112 at 32–45.) Ultimately, the jury found him guilty of robbery, possession of and brandishing a firearm in furtherance of a crime of violence, and felon in possession of a firearm. (Doc. 77.)

Although Gutierrez has no scoreable criminal history as an adult, he has two

felony burglary charges from when he was 17 years old. (*See* PSR ¶ 36.) With a total offense level of 20 and a criminal history category I, Gutierrez's advisory Guideline range was 33 to 41 months, subject to a mandatory consecutive 84 months for brandishing a firearm. (PSR ¶¶ 32, 38, 39, 53–55.) At sentencing, the government asked for an upward variance, to a total sentence of 144 months, emphasizing Gutierrez's use of a gun and the planning that went into the robbery. (*See* Doc. 114 at 7–8.) The Court agreed with government that there were factors that supported an upward variance, but the Court concluded there were also mitigating factors, such as Gutierrez's law-abiding history and his drug addiction. (*See* Doc. 114 at 13–17.) Gutierrez was ultimately sentenced to 120 months. (*See* Doc. 105 at 2.) The bulk of that sentence is attributable to the mandatory seven-year consecutive term under 18 U.S.C. § 924(c)(1)(A) for the use of a firearm. Gutierrez received a low-end Guideline sentence of 36 months for his other counts of conviction. (*See id.*)

In requesting a sentence reduction, Gutierrez argues that he is remorseful for his conduct, not likely to reoffend, and has taken advantage of many educational and rehabilitative programs offered by the BOP. Indeed, even though Gutierrez went to trial, he now has expressed remorse for his conduct: "I have remorse to the victims of crimes, the casino attendant, the owner of Dotty's Casino, the United States government and my family." (Doc. 162-3 at 10.) He has completed several

5

courses and programs while in custody, including drug treatment. (*See* Doc. 162-12.) Following release, Gutierrez also has a place to live, (*see* Doc. 162-8 at 2), and employment, (*see* Doc. 162-10).

The government argues, however, that early release is not warranted because it would denigrate the seriousness of Gutierrez's offense, undermine his respect for the law and general deterrence for such crimes, and threaten the community. The government is correct. As indicated above, the bulk of Gutierrez's sentence is a mandatory term set by the Congress for use of a firearm, specifically brandishing a firearm, during a robbery. *See* 18 U.S.C. § 924(c)(1)(A). As stated at sentencing, the Court agrees with Congress that Gutierrez's conduct "merit[s] a significant sentence." (Doc. 114 at 15.) While Gutierrez has made laudable efforts to pursue rehabilitation and education while in custody, the Court remains concerned about the safety of the community because Gutierrez committed the instant offense while living in a stable household with a full-time job; the same house and job he would return to upon release. While Gutierrez does not pose such a threat that release is foreclosed by 18 U.S.C. § 3142(g), the record does not favor early release. As was the case at sentencing, while certain facts could weigh in favor of a shorter sentence, there are equally important facts that justify Gutierrez's existing sentence.

Ultimately, reducing Gutierrez's sentence based on the current record would

6

denigrate the seriousness of his crimes, undermine respect for the law, and pose a threat to the safety of the community. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

## CONCLUSION

IT IS ORDERED that Gutierrez's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 162, 165) is DENIED.

DATED this 16th day of May, 2025.

                                                    Susan P. Watters, District Judge
                                                    United States District Court